# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| James A. McClellan, ) | |
| ) | Civil Action No.: 9:19-cv-01227-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Warden Scott Lewis, Associate Warden ) | |
| Susan Duffy, and John Palmer, Captain, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

James A. McClellan ("Plaintiff") filed a civil rights action alleging that Warden Scott Lewis, Associate Warden Susan Duffy, and Captain John Palmer ("Defendants") intimidated and forced him to talk with police interrogators against his will and confiscated his legal aid materials in violation of the Fifth and Fourteenth Amendments to the United States Constitution. On November 20, 2019, Defendants filed a Motion for Summary Judgment (ECF No. 21), but Plaintiff failed to respond. This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 25), filed on January 8, 2020, recommending that Plaintiff's Complaint (ECF No. 1) be dismissed for failure to prosecute.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

1

The parties were advised of their right to file objections to the Report. (ECF No. 25.) Neither party filed objections to the Report.

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25) and **DISMISSES** the Plaintiff's Complaint (ECF No. 1) pursuant to Fed. R. Civ. P 41(b). Accordingly, the court **FINDS** that the Motion for Summary Judgement (ECF No. 21) is **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 13, 2020
Columbia, South Carolina

2